R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*John Early*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN EARLY,<br><br>        Plaintiff,<br><br>    v.<br><br>CARGURUS LLC,<br><br>        Defendants. | **Case No.:** |

## COMPLAINT AND JURY DEMAND

The plaintiff John Early ("Plaintiff"), by his undersigned attorneys, Rath, Young, and Pignatelli, PC, for its complaint against CarGurus LLC ("Defendant") alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and of violation of § 1202 the Digital Millennium Copyright Act.

2.      Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

**PARTIES**

3.      Plaintiff is an individual working as a professional photograph with a principal place of business at 25691 Atlantic Ocean Drive, Lake Forest, California.

4.      Upon information and belief, Defendant is a domestic limited liability company duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business at Two Canal Park, 4th Floor, Cambridge, Massachusetts 02141.

**JURISDICTION AND VENUE**

5.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6.      Personal jurisdiction over Defendant is proper.  Defendant is conducting business in and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

7.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**A.      Plaintiff's Business**

8.      Plaintiff is a professional photograph who licenses its works for professional applications including editorial, advertising, corporate and non-profit use.  His work has appeared in magazines, brochures, billboards, TV and extensively on the internet.  Clients return year after year for Plaintiff work because of his vision and years of experience, combined with his "hand's on" approach to post production.

9.      Plaintiff's intellectual property is important to his livelihood.

2

10.     Plaintiff is the sole creator of a series photographic images, including images referenced as IMG-680731-974739.jpg, IMG-219152-194373.jpg, 14MDX-008_dash_beauty_FS_flat.jpg, my11_TSX65_dash_beauty_flat_FS.jpg , my11_TSX66_entry_beauty_flat_v2.jpg, TSX_dash_hero_flat.jpg, MDX_snowy_cabin_v4_hero_flat.jpg, and ZDX_center_stack_my13.jpg, (collectively the "Copyrighted Works"), copies of which are attached hereto as Exhibit A.

11.     On February 27, 2017, Plaintiff obtained a registration with the United States Copyright Office for the images referenced as IMG-680731-974739.jpg, IMG-219152-194373.jpg, my11_TSX65_dash_beauty_flat_FS.jpg, my11_TSX66_entry_beauty_flat_v2.jpg, and MDX_snowy_cabin_v4_hero_flat.jpg, registration number VA2-034-688.

12.     On March 28, 2017, Plaintiff obtained a registration with the United States Copyright Office for the image referenced as 14MDX-008_dash_beauty_FS_flat.jpg, registration number VA2-034-627.

13.     On September 10, 2017, Plaintiff obtained a registration with the United States Copyright Office for the image referenced as TSX_dash_hero_flat.jpg, registration number VA 2-066-778.

14.     On March 3, 2017, Plaintiff obtained a registration with the United States Copyright Office for the image referenced as ZDX_center_stack_my13.jpg, registration number VA 2-034-671.

15.     Attached hereto as Exhibit B is a copy of the certificate for Registration Nos. VA 2-034-671, VA 2-066-778, VA2-034-627, and VA2-034-688 obtained from the United States Copyright Office.

16.     Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Works.

17.     The Copyrighted Works included such copyright management information in the metadata of the photograph.

**B.      Defendants' Unlawful Activities**

18.     Upon information and belief, Defendant owns, operates, or participates in the operation of a number of websites where Defendant publishes articles and related stories about cars, and uses high quality photographic images, such as those belonging to Plaintiff, to draw internet users to Defendant's websites, thus promoting its website and publications and profiting from advertising revenue that grows as its viewership grows.

19.     Plaintiff has discovered Defendant is and has been infringing Plaintiff's exclusive copyright in the Copyrighted Works.

20.     Specifically, Plaintiff discovered in February of 2017 the Copyrighted Works being reproduced, distributed, and publicly displayed at websites located at the following URLs (herein after the "Infringing Websites"):

- https://static.cargurus.com/images/site/2011/10/03/16/46/2012_acura_tsx-pic-5100277344710945718-640x480.jpeg

- https://www.cargurus.com/Cars/2012-Acura-TSX-Overview-c23125

- https://static.cargurus.com/images/site/2012/11/06/11/33/2013_acura_mdx-pic-4006045552397755873-200x200.jpeg

- https://static.cargurus.com/images/site/2012/11/06/11/33/2013_acura_mdx-pic-4006045552397755873-640x480.jpeg

- https://static.cargurus.com/images/site/2011/10/03/16/47/2012_acura_tsx-pic-5742938283914176928-200x200.jpeg

- https://static.cargurus.com/images/site/2011/10/03/16/47/2012_acura_tsx-pic-5742938283914176928-640x480.jpeg

4

- https://static.cargurus.com/images/site/2017/01/07/22/17/2016_acura_mdx_awd_t
  ech_pkg-pic-1018302211994768509-200x200.jpeg

- https://static.cargurus.com/images/site/2017/01/07/22/17/2016_acura_mdx_awd_t
  ech_pkg-pic-1018302211994768509-640x480.jpeg

- https://static.cargurus.com/images/site/2011/10/03/16/39/2012_acura_tsx-pic-
  1145824631339855820-640x480.jpeg

- https://www.cargurus.com/Cars/2012-Acura-TSX-Overview-c23125

- https://static.cargurus.com/images/site/2008/05/15/21/22/2009_acura_tsx-pic-
  37285-200x200.jpeg

- https://static.cargurus.com/images/site/2008/05/15/21/22/2009_acura_tsx-pic-
  37285-640x480.jpeg

- https://static.cargurus.com/images/site/2010/09/18/04/24/2011_acura_mdx-pic-
  5016088221808213627-1600x1200.png;

- https://www.cargurus.com/Cars/2011-Acura-MDX-Overview-c22362;

- https://static.cargurus.com/images/site/2013/01/09/16/47/2013_acura_zdx-pic-
  49873128542298103-200x200.jpeg; and

- https://static.cargurus.com/images/site/2013/01/09/16/47/2013_acura_zdx-pic-
  49873128542298103-640x480.jpeg.

21. Screenshots of infringements of the Copyrighted Works are attached hereto as Exhibit C.

22. Upon information and belief, Defendants located the Copyrighted Works on the internet and, without authorization from Plaintiff, first downloaded the Copyrighted Works to its computer system and then uploaded the Copyrighted Works to the Infringing Websites, thus

5

unlawfully reproducing and distributing the Copyrighted Works, where the Copyrighted Works were then publicly displayed without Plaintiff's permission.

23.     Defendant's reproduction, distribution, and public display of Plaintiff's Copyrighted Works are without Plaintiff's authorization.

24.     Defendants' unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Works are knowing and willful and in reckless disregard of Plaintiff's rights.

**FIRST CLAIM FOR RELIEF**
**(Direct Copyright Infringement)**

25.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

26.     The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

27.     As exclusive owner, Plaintiff has sufficient rights, title and interest in and to the copyright in the Copyrighted Works to bring suit.

28.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Works, Defendant had access to the Copyrighted Works prior to the creation of the Infringing Websites.

29.     By its actions, as alleged above, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Works.

30.     Upon information and belief, the infringement by Defendant is willful and deliberate and Defendant profited at the expense of Plaintiff.

31.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Works, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

32.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

33.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

34.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

35.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

36.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

37.     As an alternative theory to its direct infringement claim, in the event Defendant contends the infringing conduct described above is done by another, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or

materially contributed to the infringing conduct described above.

38.     By their actions, as alleged above, Defendant's foregoing acts of contributory infringement violates Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

39.     Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Defendants have profited at the expense of Plaintiff.

40.     As a direct and proximate result of Defendant's contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Works, Plaintiff is entitled to recover their actual damages resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

41.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

42.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

43.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

44.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

45.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

46.     As an alternative theory to its infringement claims above, to the extent Defendant contends it did not directly infringe or contributorily infringe Plaintiff's copyright, Defendant had the right or ability to control the direct infringement described above.

47.     As a result of each Defendant's right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

48.     Defendant had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Works and Defendant benefitted from that direct infringement.

49.     As a direct and proximate result of Defendant's vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover their actual damages resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

50.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

51.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

9

52.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

53.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## FOURTH CLAIM FOR RELIEF
## (Violation Of The Digital Millennium Copyright Act, 17 U.S.C. § 1202)

54.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

55.     Plaintiff included in his Copyrighted Works digital copyright management information, including metadata and watermarks identifying Plaintiff as the owner of the copyrights.

56.     Upon information and belief, Defendant removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

57.     Upon information and belief, Defendant reproduced, distributed and publicly displayed the Copyrighted Works without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

58.     Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

59.     Upon information and belief, Defendant violated the Digital Millennium Copyright Act and were and are willful.

60.     By reason of the violations of the Digital Millennium Copyright Act committed by Defendants, Plaintiff has sustained and will continue to sustain substantial injuries.

61.     Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

62.     At its election, and in lieu of Defendant's profits derived from its violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

63.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant infringed Plaintiff's copyrights under the Copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenue earned by Defendant resulting from its reproduction, distribution or display of the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4.     Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c),

including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.      A declaration that Defendant violated the Digital Millennium Copyright Act by intentionally providing and distributing false copyright management information to conceal infringement;

8.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their violations of the Digital Millennium Copyright Act or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

9.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future violation of the Digital Millennium Copyright Act;

10.     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in § 1203(b)(5);

11.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

12.     Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise,

reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted

Works or to participate or assist in any such activity; and,

13.    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil

Procedure.

Dated: March 6, 2019

Respectfully submitted,


By: */s/ R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff,*
*John Early*